**IN THE UNITED STATES BANKRUPTCY COURT FOR**
**THE DISTRICT OF PUERTO RICO**

IN RE:

JOSE A. NAZARIO PADILLA and
CARMEN A. PEREZ VILLANUEVA,                    CASE NO. 18-04141 (EAG)

        DEBTORS.                              CHAPTER 13

_____

JOSE A. NAZARIO PADILLA and
CARMEN A. PEREZ VILLANUEVA,

        PLAINTIFFS,
                                ADV. PROC. NO. 19-00394
        v.

EDWIN NAZARIO PADILLA,
MARIA M. NAZARIO PADILLA,
REINALDO A. PADILLA PADILLA, and
PATRICIA PEREZ SURILLO,                        FILED & ENTERED ON 12/18/2019

        DEFENDANTS.

_____

**OPINION AND ORDER**

Plaintiffs Jose A. Nazario Padilla and Carmen A. Perez Villanueva filed a complaint

against defendants Edwin Nazario Padilla, Maria M. Nazario Padilla, Reinaldo A. Padilla Padilla,

and Patricia Perez Surillo for willful violation of the automatic stay under section 362 of the

Bankruptcy Code.[1]  The defendants jointly move the court to dismiss the complaint for failure

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to title 11 of the United States Code, 11 U.S.C. §§ 1010-1532, as amended. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

to state a claim upon which relief can be granted. [Adv. Dkt. No. 33.] For the reasons stated below, the motion to dismiss filed by the defendants is granted.

## I. JURISDICTION

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. PROCEDURAL BACKGROUND

The plaintiffs filed on July 23, 2018 a voluntary petition under chapter 13 of the Bankruptcy Code, which was docketed as case 18-04141. [Bankr. Dkt. No. 1.] The plaintiffs commenced this adversary proceeding on July 3, 2019. [Adv. Dkt. No. 1.] On October 7, 2019, the defendants moved the court to dismiss the case. [Adv. Dkt. No. 33.] On October 30, 2019, the plaintiffs opposed the motion to dismiss. [Adv. Dkt. No. 36.]

## III. MOTION TO DISMISS STANDARD UNDER RULE 12(b)(6)

Rule 8(a)(2) requires a plaintiff to include in the complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Fed. R. Bankr. P. 7008. Failure to do so is grounds for dismissal under Rule 12(b)(6). In deciding a motion under Rule 12(b)(6), made applicable to adversary proceedings through Bankruptcy Rule 7012(b), the court must take a two-step approach. First, the court "isolate[s] and ignore[s] statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) and Bell Atl. Corp. v. Twombly, 550

U.S. 544, 555 (2007)). Second, the court "take[s] the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see[s] if they plausibly narrate a claim for relief." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 675 (citing Twombly, 550 U.S. at 555).

"[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." Iqbal, 556 U.S. at 663-64. However, when evaluating the plausibility of a legal claim, a court may not "attempt to forecast a plaintiff's likelihood of success on the merits; 'a well-pleaded complaint may proceed even if . . . a recovery is very remote and unlikely.'" Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 13 (1st Cir. 2011) (citing Twombly, 550 U.S. at 556).

## IV. FACTUAL ALLEGATIONS ACCEPTED AS TRUE FOR RULE 12(b)(6) ANALYSIS

Defendants Edwin Nazario Padilla, Maria M. Nazario Padilla, and Reinaldo A. Padilla Padilla filed pre-petition a complaint in state court against plaintiffs demanding the partition of the estate of their late mother, Maria Josefa Padilla. [Adv. Dkt. No. 1, ¶ 5.] The plaintiffs listed in their schedule E/F defendant Edwin Nazario Padilla as an unsecured creditor in the amount of $19,600 for unpaid rents. [Adv. Dkt. No. 1, ¶ 2; Bankr. Dkt. No. 13.] Defendant Patricia Perez Surillo was the other defendants' attorney of record in the main bankruptcy case and the attorney in the state-court partition suit. [Adv. Dkt. No. 1, ¶ 3.]

On March 21, 2019, this court granted the motion of the three related defendants to declare the automatic stay inapplicable and to allow the state court to go forward and reach

3

a final determination of the interest of the heirs in the estate.  [Adv. Dkt. No. 1, ¶ 4; Bankr. Dkt. Nos. 28 & 87.]

On June 13, 2019, defendant Patricia Perez Surillo filed on behalf of the three related defendants a motion in state court requesting that, as part of the partition, the court deduct from the plaintiff's interest in their mother's estate the amount of $19,600 for unpaid rent accrued while the plaintiffs lived in a house in Ponce that belonged to their mother at the time of her death.[2] [Adv. Dkt. No. 1, ¶ 7(A).]  The defendants also requested that the court determine that they have a credit of $25,299.09 for expenses incurred to restore the Ponce house due to alleged damages caused to it by the plaintiffs, who they assert left the house in a state of disrepair, removed all of its furniture, and left unpaid bills for utilities. [Adv. Dkt. No. 1, ¶ 7(B).] The defendants requested the state court to set off those amounts totaling $44,899.08 ($19,600 in unpaid rent and $25,299.08 in expenses incurred) against the participation of plaintiff Jose Nazario Padilla in the inheritance ($29,166.67), resulting in a negative balance of $15,732.41 allegedly owed by the plaintiffs to the three related defendants.  [Adv. Dkt. No. 1, ¶ 7(C).]  And, as a result of that setoff, they requested that the state court order plaintiff Jose Nazario Padilla to cede his participation in the Ponce house to them and to pay them the remaining amount of $15,732.41. [Adv. Dkt. No. 1, ¶ 7(D) & (E).]

---

[2] The plaintiffs filed with their complaint a copy in Spanish of the motion filed in state court on June 13, 2019, but did not file a certified English translation of the same. Notwithstanding, the court accepts as true the allegations of the complaint, which translates to English the contents of the June 13, 2019 motion.

### V.  APPLICABLE LAW AND DISCUSSION

The automatic stay under section 362(a) is one of the basic protections afforded to a debtor under the Bankruptcy Code. When a debtor files a bankruptcy petition, his or her property is immediately protected by an automatic stay that prohibits, among other things, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]" 11 U.S.C. § 362(a)(3).  And, property of the estate is broadly defined as encompassing any property to which the estate has some right. See, 11 U.S.C. § 541.  The automatic stay is extremely broad in scope and "applies to almost any type of formal or informal action taken against the debtor or the property of the estate." 3 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 362.03 (16th ed. 2019). "[T]he automatic stay imposes on non-debtor parties an affirmative duty of compliance." Sternberg v. Johnston, 595 F.3d 937, 943 (9th Cir. 2010).  And, "courts must display a certain rigor in reacting to violations of the automatic stay." Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969, 975-76 (1st Cir. 1997).

Section 362(k) provides individuals with a means to redress violations of the stay, stating that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). A willful violation does not require a specific intent to violate the automatic stay; rather, the debtor must show that the defendant intended the actions that constituted the violation and had knowledge of the stay. See, Fleet Mortg. Group v. Kaneb, 196 F.3d 265, 269 (1st Cir. 1999).  A debtor alleging a violation of the automatic stay must demonstrate, by a preponderance of the evidence, "(1)

that a violation of the automatic stay occurred; (2) that the violation was willfully committed; and (3) that the debtor suffered damage as a result of the violation." Slabicki v. Gleason (In re Slabicki), 466 B.R. 572, 577-78 (B.A.P. 1st Cir. 2012).

The issue before the court is whether the requests made by the defendants in state court on June 13, 2019, as part of the judicial partition, constitute a violation of the stay. The plaintiffs contend that the defendants are attempting to assess, collect, or recover a claim against the plaintiffs in violation of section 362, and that the bankruptcy court only allowed the state court to reach a determination of the interest of the heirs in the hereditary estate. The defendants oppose, arguing that the request for reciprocal compensation among coheirs is a requirement for a partition of an inheritance estate under Puerto Rico law. The court agrees with the defendants.

Upon death, a person's rights and liabilities are transmitted to his or her heirs. P.R. Laws Ann. tit. 31, § 2081. If a person dies with more than one heir, a hereditary community is created. See, Cintron v. San Juan Gas, Inc., 79 F. Supp. 2d 16, 18 (D.P.R. 1999) (the "state of common ownership over a decedent's estate is known under Puerto Rico law as [a] hereditary community[.]") "The inheritance includes all the property, rights, and obligations of a person which are not extinguished by his death." P.R. Laws Ann. tit. 31, § 2090. But, an heir has a right over the estate as a whole, not over particular assets in the inherited estate. Kogan v. Registrador, 125 P.R. Dec. 636, 652 (1990). When partition has not been effected, "none of the heirs possess a determinate quota over a specific part of the estate, but an abstract and global right in the estate as a whole." Cintron, 79 F. Supp. 2d at 18 (citing Kogan, 125 P.R. Dec. at 652).

A partition or division of the hereditary community confers exclusive ownership to each heir of property awarded to him or her. P.R. Laws Ann. tit. 31, § 2901. The partition is an exchange among the heirs of their indeterminate parts in the inheritance for a specific part of it. See, Lebron v. Registrar of Prop. of Humacao, 63 P.R. Dec. 359, 367-68 (1944).  An heir is entitled to claim specific rights over particular assets of a hereditary community  after the judicial partition. See, Vega Montoya v. Registrador, 179 P.R. Dec. 80, 89 (2010).  Article 1016 of the Puerto Rico Civil Code provides that in order to effectuate a partition, "the coheirs shall reciprocally compensate each other for the income and fruits each of them may have received from the hereditary property for the useful and necessary expenses made on said property or for the damage caused thereto by malice or negligence."  P.R. Laws Ann. tit. 31, § 2882.

"[A] federal court has no jurisdiction to probate a will or administer an estate." Markham v. Allen, 326 U.S. 490, 494 (1946). This is a judicially created doctrine that limits federal jurisdiction. Marshall v. Marshall, 547 U.S. 293, 308 (2006).  It "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." Marshall, 547 U.S. at 312-13. See also, Nickless v. Kessler (In re Berman), 352 B.R. 533, 543 (Bankr. D. Mass. 2006) ("probate exception prevents federal courts from exercising in rem jurisdiction over a res when a state court is simultaneously doing the same.")

In this case, plaintiff Jose Nazario Padilla has an interest in the hereditary community created by the death of his mother. There has been no partition or division of that hereditary community. The defendants filed, pre-petition, a judicial partition lawsuit in state court to

partition the hereditary community. And, at the center of that partition lawsuit is the Ponce house, which this court understands to be the only asset of the hereditary community. The plaintiffs lived in this house after the death of Maria Josefa Padilla without paying rent to the three related defendants, which resulted in the state court order to pay those defendants $19,600 in unpaid rent.

After this court declared the stay inapplicable, the three related defendants moved the state court to conclude the partition of the hereditary community. In doing so, they requested that plaintiff Jose Nazario Padilla "reciprocally compensate" them–as required by Puerto Rico's inheritance law–for the unpaid rent and the damages to the Ponce house caused by the plaintiffs during their occupancy of it. The state court motion also requested that plaintiff Jose Nazario Padilla cede his interest in the hereditary community to the three related defendants and pay to them any remaining deficiency.

The court finds that the motion filed by the defendants in state court for reciprocal compensation is an integral and necessary step of the partition process under article 1016 of the Puerto Rico Civil Code. The valuation of assets of a hereditary community and the corresponding reciprocal compensation among heirs is central to determining the interest of each heir in the hereditary community. It is the exclusive province of the state court under the probate exception. A ruling for the plaintiffs would interfere and halt partition proceedings in state court whenever the partition requires a reciprocal compensation from an heir in bankruptcy. Thus, the complaint fails to state a claim upon which relief can be granted and the adversary proceeding must be dismissed.

**VI. CONCLUSION**

In view of the above, the motion to dismiss filed by the defendants [at Adv. Dkt. No. 33]

is granted. A separate judgment shall be entered DISMISSING this adversary proceeding as to

all defendants.

In Ponce, Puerto Rico, this 18th day of December 2019.

Edward A. Godoy
U.S. Bankruptcy Judge